**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Belinger,* **Slip Opinion No. 2015-Ohio-4436.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4436

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BELINGER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Belinger,* Slip Opinion No. 2015-Ohio-4436.]**

*Attorneys—Misconduct—Failure to explain legal matter to client to permit client to make informed decision—Failure to comply with requests for information—Failure to keep client informed of status of legal matter—One-year suspension, six months stayed.*

(No. 2015-0292—Submitted April 14, 2015—Decided October 28, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Robert James Belinger of Independence, Ohio, Attorney Registration No. 0017661, was admitted to the practice of law in Ohio in 1975.

**{¶ 2}** On March 19, 2014, relator, Cleveland Metropolitan Bar Association, filed a complaint against Belinger with the Board of Commissioners on Grievances and Discipline.[1] A single count alleged that while serving as the trustee of a living trust, Belinger failed to reasonably communicate with the last remaining beneficiary, who is also his cousin.

**{¶ 3}** The parties submitted stipulated facts, rule violations, aggravating and mitigating factors, and exhibits. After a hearing, a panel of the board issued a report in which it made findings of fact incorporating the parties' stipulations and adopted the parties' stipulations of misconduct, aggravating and mitigating factors, and their recommendation that Belinger be publicly reprimanded. The board adopted the panel's findings of fact, conclusions of law, and most, but not all, of its findings in aggravation and mitigation. It recommended, however, that Belinger be suspended from the practice of law for one year with the final six months stayed on the conditions that he engage in no further misconduct and pay the costs of these proceedings.

**{¶ 4}** We adopt the board's findings of fact, conclusions of law, and recommended sanction.

### Misconduct

**{¶ 5}** Belinger's cousin, Sister Barbara Cervenka, is a Dominican nun who resides in Michigan. She is the sole surviving beneficiary of a living trust that Belinger created for his aunt and uncle, Annette and James Cervenka, Barbara's father and stepmother, in 1992. At all times relevant herein, Belinger served as the trustee for the trust and was vested with broad discretion to manage trust assets. Pursuant to that authority, he made bridge loans secured with real estate and short-term mortgages as investment tools for the trust, and he was paid for his services.

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

**{¶ 6}** In 2004, Belinger loaned $100,000 at 7 percent interest to Bar-Bel, Ltd., a company owned by his sons and in which he had a financial interest. Although he sent Cervenka a letter stating that the trust had made a $100,000 commercial loan, that letter did not advise her that the loan was unsecured, that Belinger had personally guaranteed it, or that he had a financial interest in the borrower. Belinger testified, however, that he had told Cervenka that the loan was unsecured and that it was a "family project of sorts."

**{¶ 7}** In the promissory note, Bar-Bel promised to repay the loan in 36 monthly installments of $665.31 with the remaining balance due on December 15, 2007. But Bar-Bel's business was totally dependent on the real estate market and when the market crashed, the company experienced great financial difficulty. To offset some of that difficulty, Belinger applied his statutory trustee fees to the loan, but the loan eventually went into default.

**{¶ 8}** In addition to the Bar-Bel loan, Belinger made a blanket loan to his friend Larry Vagner from the trust. When he restructured that loan sometime in 2004, it had a balance of approximately $350,000. In January 2005, Belinger informed Cervenka that the trust was short on cash and that Vagner had fallen behind on his payments. Vagner made sporadic payments until defaulting on the loan sometime in 2007 or 2008.

**{¶ 9}** Belinger personally filed for bankruptcy in October 2010 and listed his personal guarantee of the Bar-Bel loan as an unsecured claim on his schedule of assets and liabilities. Belinger did not inform Cervenka that he had filed for bankruptcy or inform her in writing that the trust was a creditor in the proceeding. And he did not promptly return her telephone calls.

**{¶ 10}** Eventually, Cervenka retained a Michigan attorney to contact Belinger and take over all aspects of the trust. She then terminated Belinger as trustee and directed him to transfer the trust assets to her new attorney, whom she had appointed to serve as the trustee of a newly created charitable remainder trust.

While Belinger did respond to the new attorney's request for an accounting, she did not believe that his responses were timely.

{¶ 11} Although Belinger and the trust had been named as defendants in a 2009 foreclosure action against one of the properties that secured the Vagner loan, Belinger never informed the court that he had been terminated as trustee of the Cervenka trust and that a new trustee had been appointed. And Cervenka and her Michigan attorney did not learn that the loans Belinger had made from the trust were in default until April 2011—several years after the defaults occurred.

{¶ 12} On December 21, 2011, shortly after learning of Belinger's personal bankruptcy filing, Cervenka and her new attorney filed suit against Belinger for breach of his fiduciary duties in the Cuyahoga County Court of Common Pleas. That litigation was resolved with a settlement agreement that included complete restitution for the Bar-Bel loan, which was paid through Belinger's professional-liability insurer.

{¶ 13} The parties stipulated and the panel and board found that Belinger failed to inform Cervenka of material matters affecting the trust, failed to provide an accounting of the loans at issue, failed to inform the beneficiary of litigation affecting the trust, and failed to cooperate with Cervenka's requests for information. The parties stipulated and the panel and board found that Belinger's conduct violated Prof.Cond.R. 1.4(a) (requiring a lawyer to promptly inform the client of any decision or circumstance to which the client's informed consent is required, to keep the client reasonably informed about the status of a matter, and to comply as soon as practicable with reasonable requests for information from the client), and 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation).

### Sanction

{¶ 14} In determining what sanction to recommend to this court, the panel and board considered the ethical duties Belinger violated, the presence of

aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B),[2] and the sanctions imposed in similar cases.

{¶ 15} The parties stipulated and the panel found that no aggravating factors are present and that mitigating factors include the absence of prior discipline, the absence of a dishonest or selfish motive, the payment of restitution through Belinger's malpractice insurance, and Belinger's full and free disclosure to relator and cooperation in the disciplinary investigation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d).

{¶ 16} The parties stipulated and the panel agreed that a public reprimand is the appropriate sanction for Belinger's misconduct. The board, however, rejected the panel's finding that the absence of a selfish or dishonest motive was a mitigating factor and instead found that Belinger's self-dealing by using the Cervenka trust assets to make loans to family and friends was an aggravating factor. Therefore, the board recommended that Belinger be suspended from the practice of law for one year with the final six months stayed on the conditions that he engage in no further misconduct and pay the costs of these proceedings.

{¶ 17} The board did not cite any cases in support of its recommended sanction. However, we find *Lake Cty. Bar Assn. v. Rozanc*, 123 Ohio St.3d 78, 2009-Ohio-4207, 914 N.E.2d 192, to be instructive. There, we suspended an attorney for one year with the final six months stayed on conditions for violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4 (requiring a lawyer to keep a client reasonably informed about the status of a matter and to comply as soon as practicable to requests for information) by failing to file documents seeking release of an estate from probate administration, failing to return numerous phone calls from the client,

---

[2] Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

and by failing to respond to another attorney's requests that he return the decedent's will and the unearned portion of his fee. *Id.* at ¶ 4-5, 7.

{¶ 18} Here, while Belinger regularly communicated with Cervenka, he stopped providing her with information regarding the loans that he made to his family and friends and the resulting problems for the trust, thereby depriving Cervenka of the opportunity to question the wisdom of those loans and impairing her ability to protect her interest in the corpus of the trust.

{¶ 19} Having reviewed the record, we adopt the board's findings of fact, misconduct, and aggravating and mitigating factors and agree that a one-year suspension with six months stayed on conditions is the appropriate sanction for Belinger's misconduct.

{¶ 20} Accordingly, Robert James Belinger is suspended from the practice of law in Ohio for one year with six months stayed on the conditions that he engage in no further misconduct and pay the costs of these proceedings. If Belinger fails to comply with the terms of the stay, the stay will be lifted, and he will serve the entire one-year suspension. Costs are taxed to Belinger.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and FRENCH, J., dissent and would not stay any portion of the suspension.

_____

Baker & Hostetler, L.L.P., James A. Loeb, and Suzanne M. Jambe; and Heather M. Zirke, Bar Counsel, and K. Ann Zimmerman, for relator.

Janik L.L.P., Steven K. Janik, and Audrey K. Bentz, for respondent.

_____